**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KRISTIN FOOTE,

      Plaintiff-Appellant-Cross-
      Appellee,

v.

STATE OF UTAH; UTAH STATE
DEPARTMENT OF PUBLIC SAFETY;
DAVIS COUNTY, a Political subdivision
of the State of Utah,

      Defendants,

and

ROGER SPIEGEL; ROBERT HOWE,

      Defendants-Appellees-Cross-
      Appellants.

Nos. 99-4101, 99-4111
(D.C. No. 94-CV-754)
(Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **McWILLIAMS**, Circuit Judge, and **MURPHY**, Circuit
Judge.

---

In an amended complaint filed on February 2, 1995, in the United States District

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Court for the District of Utah, Kristin Foote ("Foote") brought a civil rights action under 42 U.S.C. § 1983 against Roger Spiegel ("Spiegel"), Robert Howe ("Howe"), Eric McPherson ("McPherson") and Jeff Gravett ("Gravett"), all of whom were officers with the Utah Highway Patrol. The action was based on what Foote alleged was an unlawful stop of the vehicle she was driving on State Route 89 in Davis County, Utah on May 8, 1994, on her subsequent roadside detention, on her ensuing arrest and on a strip search later conducted in the Davis County jail. (In this appeal, we are only concerned with defendants Spiegel and Howe, the district court having granted McPherson's and Gravett's motions for summary judgment, and neither is a party to the present appeal.) The defendants, i.e. Howe and Spiegel, filed an answer to Foote's amended complaint and, after discovery, both Foote and the defendants filed motions for partial summary judgment. After hearing, the district court granted certain of the motions, and denied others. *Foote v. Spiegel,* 903 F.Supp. 1463 (D. Utah 1995). Both parties appealed the district court's order. We, on appeal, affirmed in part and reversed in part, the district court's order. *Foote v. Spiegel*, 118 F.3d 1416 (10th Cir. 1997) [hereinafter *Foote I*].

On remand, a jury trial ensued. In a special verdict, the jury held that Howe did not violate Foote's Fourth Amendment rights when he stopped her vehicle, nor did he violate her constitutional rights when he detained her at the scene of the stopping to investigate whether she was driving under the influence of marijuana. We previously held in *Foote I* that Spiegel, as well as one Catherine Williams ("Williams") and Davis

- 2 -

County, were not entitled to qualified immunity for the strip search, and we affirmed the district court's grant of summary judgment for Foote on the legality of the strip search. Accordingly, in connection with that claim, the only issue for the jury was the amount of damages. In this regard, the jury assessed her damages at $l.00. Such was the extent of the special verdict. Judgment in favor of Howe and in favor of Foote for $1.00 against Spiegel was duly entered.[1]

Foote appeals the judgment of the district court (No. 99-4101) and the defendants cross-appeal (No. 99-4111). The background facts are fully set forth in *Foote I*, and will not be repeated here.

In this court, Foote first argues that the jury's verdict, which stated that Howe did not violate any of Foote's constitutional rights in stopping the vehicle Foote was driving and in the ensuing roadside detention, is not supported by the evidence adduced at trial.

---

[1]Foote had filed a separate action against Catherine Williams and Davis County, Williams, an employee of Davis County, having conducted the strip search of Foote in the David County jail. That action was consolidated with Foote's cause of action against Spiegel and Howe and jointly tried with that action. As indicated, the jury returned a verdict wherein Foote was awarded $1.00. Foote appealed from the judgment entered thereon. In a joint motion filed by Foote, Davis County and Williams, we dismissed that appeal on April 27, 2000, the parties having compromised and settled. *Foote v. Spiegel, et al.,* No. 00-4028 (10th Cir. April 27, 2000).

Foote also filed a third action against the State of Utah, Department of Public Safety, and Davis County based on the Americans with Disabilities Act. 42 U.S.C. §§ 12132, 12134. Foote appealed the dismissal of that action by the district court to this court. On June 22, 2000, that appeal was dismissed on stipulation. *Foote v. State of Utah,* No. 99-4043 (10th Cir. June 22, 2000).

In this connection, Foote goes on to argue that the matter should not have been submitted to the jury and that the district court should have granted her pre-trial motion for summary judgment on her claim that Howe violated her constitutional rights in stopping her and detaining her for questioning. We disagree. We agree with the district court that the issue as to whether there was an illegal stop "is replete with disputed issues of fact which preclude summary judgment." As for Foote's claim that she was illegally detained after the stopping, in *Foote I* we spoke as follows:

> We conclude the detention was not rendered clearly
> unlawful by Howe's failure to check the registration permit
> before approaching the passenger side of Foote's vehicle.
> However, because we lack jurisdiction to review the legality
> of the initial stop, we cannot resolve whether the initial stop
> rendered the resulting detention clearly unlawful. That
> depends on the outcome in district court.

*Id.* at 1425.

Foote next argues that the district court erred in holding that, as to Foote's claim of false arrest, Spiegel's belief that Foote was impaired "was not unreasonable" and that Spiegel was therefore "entitled to qualified immunity on this issue." In line therewith, Foote's claim of false arrest was not submitted to the jury. We agree with the district court's handling of this particular claim. Spiegel arrested Foote at the scene of her detention and she was taken therefrom to the Davis County jail. Howe called in Spiegel, who was a "drug recognition expert," to assist him, and Spiegel arrived on the scene some time after Howe made the stop. In deciding to arrest Foote, Spiegel relied on his

own observations and testings made at the scene, and also relied on information given him by Howe.  In this latter connection, in *Foote I* we spoke as follows:

> It was uncontroverted that when Spiegel arrived, Howe related to Spiegel that he had detained Foote because she drove erratically and had bloodshot eyes and slow speech, and because of the results of the two eye tests.  Officers may rely on information furnished by other law enforcement officials to establish reasonable suspicion and probable cause for an arrest.  *Albright v. Rodriguez,* 51 F.3d 1531, 1536 (10th Cir. 1995).  There is no evidence in the record that Spiegel had any reason to doubt Howe's statements.  Consequently, even if we conclude Howe is not entitled to qualified immunity for detaining Foote, Spiegel could rely on Howe's statements in deciding to conduct field sobriety tests and arrest Foote.  *See Romero v. Fay,* 45 F.3d 1472, 1476 (10th Cir. 1995) (officer may base probable cause on information received from others absent showing information was untrustworthy).[2]

*Id.* at 1424.

As indicated, the district court granted Foote's motion for summary judgment on her claim based on an illegal strip search, and in line therewith, the district court instructed the jury that its only responsibility in connection with that claim was to determine Foote's damages, if any.  As concerns that matter, the jury awarded Foote nominal damages of $1.00, and the district court entered judgment in favor of Foote, against Spiegel, for $1.00.  On appeal, Foote asserts that the district court erred in instructing the jury, *inter alia,* that they could award her only nominal damages.  In this

---

[2]In this court, counsel argues that Spiegel was not entitled to rely on information given him by Howe.  We deem that matter to be resolved by *Foote I.*

regard, instructions Nos. 26 and 27 read as follows:

INSTRUCTION NO. 26

The burden is upon Ms. Foote to prove by a preponderance of the evidence the amount of damages reasonably and naturally flowing from the incident. However, Ms. Foote is not required to prove her damages with precision.

Ms. Foote is not entitled to recover for any claimed damage which is of a speculative nature. If Ms. Foote has failed to prove any claimed element of damage by a preponderance of the evidence, or if the evidence respecting such matters is evenly balanced, you must resolve such issue against her.

INSTRUCTION NO. 27

In considering what damages to award, you may only award damages for the actual damages suffered by this particular plaintiff. If you find that Ms. Foote has proven that Trooper Howe violated her Fourth Amendment rights by stopping her vehicle or detaining her, but that she has not proven that she suffered any actual damages as a result of the stop and detention, you may award Ms. Foote one dollar ($1.00) in nominal damages.

Similarly, if you find that Ms. Foote has not proven that she suffered any actual damages as a result of the illegal strip search at the Davis County Jail, you may award Ms. Foote one dollar ($1.00) in nominal damages.

The fact that the court has instructed you concerning damages is not to be taken as any indication that the court either believes or does not believe that Ms. Foote is entitled to recover damages. The instructions about damages are given as a guide in case you find from a preponderance of the evidence that Ms. Foote is entitled to recover.

The instructions to the jury must be considered as a whole, and not in isolation.

Depending on the facts and circumstances of the case at hand, an instruction on nominal damages is not improper, *per se.* The facts and circumstances surrounding the strip search of Foote are set forth in *Foote I. Id* at 1421. There apparently was no particular "untoward incident" which occurred during the strip search, and the search itself disclosed no contraband. In this regard, it was Spiegel's theory of the case, *inter alia,* that any emotional or physical distress suffered by Foote was caused by her prior arrest and detention, and not by the strip search, and that in either event, any damage suffered by Foote was only nominal. It was Foote's theory that she was humiliated, suffered emotional and physical distress, and the like, all because of the strip search. ( In the amended complaint, Foote asked for compensatory damages in the amount of $500,000.) We hold that under the evidence adduced at trial, there was a legitimate dispute between the parties as to the extent of any injury suffered by Foote and the cause thereof which justified the giving of an instruction on nominal damages. Other instructions adequately presented Foote's theory as to the nature and extent of her injury.[3]

Foote's final argument is that as a result of her various legal actions, the Utah State Patrol and Davis County changed their practices regarding strip searches and that

---

[3]When a jury's verdict is challenged on appeal, our review is in a light most favorable to the prevailing party (in our case, the defendants who "prevailed," in a real sense on the question of amount of damages), and the challenge should be rejected if there is substantial evidence to support the jury's decision. *Knowlton v. Teltrust Phones, Inc.,* 189 F.3d 1177, 1183 (10th Cir. 1999). The foregoing has equal application where the amount of damages is challenged on appeal.

she is somehow entitled to attorney's fees from Howe and Spiegel for causing these changes. As indicated, the State of Utah and Davis County were defendants in certain of Foote's various law suits, but such were settled on appeal, and neither the State, nor any of its agents or Davis County are parties to this appeal. And we note that the district court in its order of January 10, 2000, awarded Foote attorney's fees in the amount of $14,035.00 from the "State defendants" and an additional amount of $7070.00 from Davis County. In that order, there is no mention of either Howe or Spiegel, the only appellees in this appeal. In any event, we see no nexus between Foote's action against Howe and Spiegel and the change in strip search procedures made by Utah and Davis County. Accordingly, we reject Foote's assertion in this court that attorney's fees should now be assessed against Howe and Spiegel because she in her various actions caused changes in Utah and Davis County regarding strip searches. Foote did not prevail in her suit against Howe, and recovered $1.00 from Spiegel, Davis County, and Williams.[4] So far as we can tell from the present record, neither Spiegel nor Howe had anything to do with the change in procedure regarding strip searches, nor, for that matter, in the prior promulgation of the

procedure regarding such searches.

As concerns the defendants' cross-appeal (99-4111), counsel agrees that if we

---

[4]In *Farrar v. Hobby*, 506 U.S. 103, 115 (1992), the Supreme Court held that where a plaintiff recovers only nominal damages, the only reasonable fee is usually no fee at all.

affirm the judgment in No. 99-4101, its cross-appeal becomes moot. The judgment

entered in No. 99-4101 is affirmed. The appeal in No. 99-4111 is dismissed as moot.[5]

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge

[5]We are not persuaded by Foote's supplemental authority which indicates that the City of New York has recently entered into a settlement agreement in a class action brought against it in the Southern District of New York, whereby claims for an illegal strip search were settled under a "point system," which, if applied in the instant case, would have resulted in a minimum damage award of $8,750.00.